**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | |
|---|---|
| **Trenton Freeman,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Norwest Corporation Medical Plan and Norwest Corporation, now known as Wells Fargo,**<br><br>**Defendants.** | **STIPULATION FOR A PROTECTIVE ORDER AND ORDER**<br><br>**Court File No. 00-219-DSD/JMM** |

**WHEREAS,** the parties agree that a Protective Order should be entered herein to protect the confidentiality of certain discovery materials in this litigation, particularly, but without limitation, information concerning the medical condition(s), medical expenses, accidents, and/or insurance claims of past or present employees of Defendants, or the participants and beneficiaries under Defendants' self-funded insurance or other health or employment benefit plans, including the Plaintiff, which medical, accident, and insurance information Plaintiff acknowledges is confidential, and that such confidential information furnished by either party shall be used only for purposes of this case and not used for any other purpose or disclosed to anyone except as necessary for purposes of this case;

It is hereby **STIPULATED** that:

1. All counsel and their employee shall be and are hereby enjoined from disclosing to or otherwise discussing with any other person any confidential information (as herein defined), except as provided hereafter.

FILED OCT 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2. All "confidential" information produced by parties in the course of this civil action or any appeal arising therefrom (the "litigation") may be used in this case only subject to the terms and conditions of this Order.

3. "Confidential information," as used herein, means any information which is designated as "confidential" whether it be a document, information contained in a document, information revealed during a deposition or in any Interrogatory answer or otherwise disclosed in discovery. Information shall be designated as confidential only upon the good-faith belief that the information falls within the scope of "confidential" information under the Federal Rules of Civil Procedure, relevant statutes or the common-law. Counsel shall have the right to challenge the designation of any document as "confidential" in accordance with the procedure set forth in Paragraph 4, below.

4. A party receiving confidential information, may, within ninety (90) days of receiving such information, provide written notice to the providing party that the receiving party denies that certain documents or other materials marked as confidential information are entitled to such status and protection. To maintain confidential information status, the proponent of confidentiality shall, within one hundred eighty (180) days of receiving such written notice, apply to the court for protection, showing by a preponderance of the evidence, that there is good cause for the documents or other materials to have such protection. Unless the receiving party provides written notice challenging confidential information status, as set forth above, all such information, so marked, shall be deemed to be confidential information.

5. Documents containing confidential information shall be designated as confidential by placing the word "CONFIDENTIAL" on the original or copy of the document.

6. Confidential information which is disclosed at a deposition must be designated as confidential by indicating on the record at the deposition, or in writing to all counsel within ten (10) days following receipt of the deposition transcript by counsel so designating, that the testimony is confidential and subject to the provisions of this Court Order with regard to confidentiality.

7. Confidential information may be inspected only by the following persons:

> The parties and counsel of record for the plaintiff and defendants in this litigation and any employee of such counsel, or where authorized in other litigation, any lawyers specifically employed by them in connection with the litigation and any employee of such counsel assisting them.

8. Experts and consultants employed by the parties, and outside providers of document reproduction, imaging, and coding services employed by the parties, to whom designated confidential information or documents are to be disclosed shall, prior to such disclosure, agree in writing to the following, as attached hereto as "Attachment One" entitled "Acknowledgement Regarding Stipulation and Order of Confidentiality":

> I hereby certify that I have received and read the Stipulation and Order of Confidentiality entered by the court in Trenton Freeman vs. Norwest Corporation, n/k/a Wells Fargo, Court File No. 00-219-DSD/JMM. I understand that I am bound by the terms of that Stipulation and Order and will abide by its terms. I hereby submit myself to the jurisdiction of the Federal Courts of Minnesota for the purpose of enforcement of this Order.

9. No summary or copy of any designated confidential information or document shall be made by any person, other than at the express direction of the attorney to whom disclosure was first made. Any such summary or copy shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

10. Nothing herein shall be deemed to restrict in any manner the use by any party of its own documents or materials.

11. Nothing herein shall be deemed to restrict in any manner the use by any party of confidential information during the examination of witnesses at depositions in this action, or at the trial of this case. (The parties agree that appropriate safeguards can be taken to prevent disclosure of participants' or health plan beneficiaries' identities at trial, through appropriate means such as the use of initials or other designations.)

12. Within forty-five (45) days after the final adjudication or settlement of all claims in this case, counsel for the parties either shall return all confidential documents produced, if so

requested by the producing party, or shall destroy all such documents. All copies of confidential documents, and all information and notes derived from them, also shall be destroyed. Compliance with this provision shall be certified to by all counsel for the obtaining party or parties.

13. Nothing herein shall affect the right of any party to seek additional protection against the disclosure of any documents or materials.

14. Any party may apply to this court and any time, upon proper notice for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

Dated this 9th day of ~~August,~~ October 2000.

**GELHAR & OUSKY, P.A.**

By [signature]
Leslie A. Gelhar
Attorney I.D. No. 14017X
5001 West 80th Street, Suite 935
Bloomington, MN 55437
612/806-9787

**ROXANNE CONLIN & ASSOCIATES P.C.**

By Roxanne Conlin by LAG
Roxanne Conlin
The Plaza – Suite 5
300 Walnut Street
Des Moines, IA 50309
515/282-3329
Attorneys for Plaintiff

Dated this 18th day of October, 2000.

**PARSINEN KAPLAN ROSBERG & GOTLIEB P.A.**

By_______________________

Linda L. Holstein (Attorney I.D. No. 150836)
Lorenz F. Fett, Jr. (Attorney I.D. No. 196769)
Suite 1100
100 South Fifth Street
Minneapolis, MN 55402
612/333-2111

Attorneys for Defendants Norwest Corporation also known as Wells Fargo and for the Norwest Corporation Medical Plan

## ORDER

Based upon the foregoing Stipulation, **IT IS HEREBY ORDERED** that the terms of said Stipulation are approved and entered as an Order of this Court.

Dated this 23 day of October, 2000.

_______________________

John M. Mason
Magistrate Judge



275774v1

**ATTACHMENT ONE**

**ACKNOWLEDGMENT REGARDING STIPULATION AND ORDER OF CONFIDENTIALITY**

I hereby certify that I have received and read the Stipulation and Order of Confidentiality entered by the court in Trenton Freeman v. Norwest Corporation, n/k/a Wells Fargo, Court File No. 00-219-DSD/JMM. I understand that I am bound by the terms of that Stipulation and Order and will abide by its terms. I hereby submit myself to the jurisdiction of the Federal Courts of Minnesota for the purpose of enforcement of this Order.

Dated this ____ day of October, 2000 ______________________________

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.